UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00039-WYD

AHKII L. WILLIAMS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY[1],

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff's application filed November 5, 2003 (Transcript ["Tr."] at 62-64) was denied initially. *Id.* at 30-34. A hearing was held on February 10, 2005. *Id.* at 335-373. On May 25, 2005, Administrative Law Judge ["ALJ"] Paul J. Keohane issued an unfavorable decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 13-24.

In the decision, the ALJ found at step one of the five-step sequential analysis required by law that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability, July 2, 2003. Tr. at 23. At step two, the ALJ found that

---

[1]Michael J. Astrue, Commissioner of Social Security, has been substituted for former Commissioner Jo Anne B. Barnhart pursuant to Fed. R. Civ. P. 25(d)(1).

Plaintiff has the following severe impairments: "history of sarcoid and cardiomyopathy, depression, and anxiety." *Id.* at 23. At step three, the ALJ found that Plaintiff's impairments did not meet or equal a Medical Listing. *Id.*

The ALJ then examined the medical evidence and assessed Plaintiff's residual functional capacity ["RFC"]. Tr. at 24. Plaintiff was found to have the RFC "to perform work-related activities with pushing, pulling, lifting, and/or carrying less than 10 pounds frequently and 10 pounds occasionally; sitting 6 hours in an eight hour workday; standing and/or walking four hours in an eight hour workday; never climbing ropes, ladders, or scaffolds; occasionally climbing ramps and stairs; avoidance of concentrated exposure to extreme cold and heat, wetness, humidity, dust, odor, and fumes." *Id.* Plaintiff was also found to have "marked limitations in his ability to interact with the general public and extreme limitations in use of public transportation. " *Id.*

In making this assessment, the ALJ stated that he gave "great weight" to a functional capacity evaluation ["FCE"] performed in November 10, 2004, by the Plaintiff's treating physician, Dr. Jaloweic. *Id.* at 21. However, the ALJ states that he gave "little weight" to Dr. Jaloweic's opinion that the Plaintiff "could not work an eight-hour workday indefinitely." *Id.* Further, without sufficient explanation, the ALJ gave "no weight" to Dr. Jaloweic's opinion that the Plaintiff could not lift any weight. *Id.* The ALJ appeared to rely primarily on the findings of the state agency physician whose opinion the ALJ gave "controlling weight" to. *Id.* at 22. In assessing Plaintiff's credibility, the ALJ gave little weight to Plaintiff's testimony finding that Plaintiff "was not a persuasive witness." *Id.* at 19.

At step four, the ALJ found, after consideration of the Plaintiff's testimony and the testimony of a vocational expert ["VE"], that Plaintiff could not perform his past relevant work as a truck loader, heavy equipment rental driver, construction laborer, packaging machine operator, and certified nurses aide. Tr. at 22. The ALJ then proceeded to step five, where he considered Plaintiff's age (24-28 years old at the time of the decision, defined as a "younger individual"), education (high school equivalency), vocational experience (no transferable skills), RFC, and the testimony of the VE. *Id.* at 23. The VE testified that a hypothetical person with Plaintiff's RFC and vocational profile would be able to perform jobs as a private dispatcher (80,000 nationally), assembler of small parts (104,000 nationally), and audit clerk (85,000 nationally). *Id.*

According to the ALJ, "[t]he VE testified that these jobs are consistent with their descriptions in the DOT and no adjustments are required." Tr. at 23. The ALJ further found, based on the VE's testimony, that there were a significant number of jobs which Plaintiff was capable of performing. *Id.* The ALJ concluded that, using Section 404.1569 of Regulations No. 4 and Rule 201.27, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 as a framework for the decision, the Plaintiff has not been under a disability as defined in the Act at any time during the time period relevant to this case (July 2, 2003, Plaintiff's alleged onset of disability date and May 25, 2005, the date of the ALJ's decision). *Id.* at 24.

The Appeals Council determined that there was no reason to review the ALJ's decision, and denied Plaintiff's request for review. Tr. at 6-8. This was the final decision of the agency, and this Court has jurisdiction to review the decision pursuant

to 42 U.S.C. § 405(g).

II.  ANALYSIS

    A.  Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

    B.  Plaintiff's Arguments

        1.  Whether the ALJ Erred in According Controlling Weight to a State Agency Physician's Opinion

The ALJ stated that he gave "controlling weight" to the state agency physician's opinion. Tr. at 22. Specifically, the ALJ gave controlling weight to the residual functional capacity assessment ("RFC") completed by the state agency physician. Plaintiff argues that SSR-96-2 states, "opinions from sources other than treating

sources can never be entitled to controlling weight." Pl.'s Br. at 6. Plaintiff further argues that the state agency physician did not have an ongoing treatment relationship with the Plaintiff, and therefore, it was error for the ALJ to give controlling weight to this opinion. *Id.* Moreover, the Plaintiff states that this was not harmless error. "[T]he ALJ incorrectly assigned controlling weight to the state agency's opinion, the ALJ's RFC assessment was made in error." *Id.*

I agree with Plaintiff's first argument, and I find certain problems with the weight the ALJ gave to the opinion of the non-treating physician, Dr. Karl T. Chambers. Dr. Chambers is a consultative examiner who conducted a functional capacity assessment of the Plaintiff on February 18, 2004. Tr. at 127. I first note that the opinion of an examining physician is generally entitled to less weight than that of a treating physician. *Valdez v. Barnhart*, No. 01-1531, 2003 WL 366751, at *2 (10th Cir. 2003). Here, while it appears that the ALJ gave controlling weight to the report of Dr. Chambers, the ALJ only states that "[t]his opinion is well supported by and consistent with the record as a whole . . ." *Id.* "If an ALJ intends to rely on a nonexamining source's opinion, he must explain the weight he is giving it." *Id.* (citing 20 C.F.R. § 416.927(f)(2)(ii)). Further, I note that I could not find any information in the record about Dr. Chambers' qualifications. However, it does not appear from the record that Dr. Chambers is a cardiac specialist as is one of Plaintiff's treating physicians, Dr. Jaloweic. Accordingly, this matter is remanded, and the ALJ is directed to properly consider and weigh the opinion of a non-treating physician.

        2.    <u>Whether the ALJ Erred in Failing to Accord the Treating Physician</u>

### Controlling Weight

Plaintiff also argues that despite the fact that Dr. Jaloweic is the Plaintiff's treating physician, "[t]he ALJ did not accord controlling weight to Dr. Jaloweic's opinion." Pl.'s Br. at 6. Plaintiff stated that he has an ongoing relationship with Dr. Jaloweic, and he sought treatment from Dr. Jaloweic on December 19, 2003, January 22, 2004, March 8, 2004, November 3, 2004, and December 9, 2004. Tr. at 282, 326-330. In completing the functional capacity evaluation for Plaintiff, Dr. Jaloweic declared that Plaintiff is incapable of working full time. *Id.* at 331.

I now turn to the ALJ's findings as to Dr. Jaloweic, the treating physician, and determine whether the ALJ properly weighed her opinions. In making this determination, I note that an ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted); *see also* 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling 96-2p.

However, a treating physician's report can be rejected "if it is brief, conclusory and unsupported by medical evidence" or is "not supported by specific findings." *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th

-6-

Cir. 1995).  Further, "[t]he ALJ may not simply pick out portions of a medical report that favor denial of benefits, while ignoring those favorable to disability."  *Lee v. Barnhart*, No. 03-7025, 2004 WL 2810224, at *3 n. 2 (10th Cir. 2004).  *See also Arrington v. Apfel*, No. 98-7099, 1999 WL 446013, at *8-9 (10th Cir. 1999) ('[i]n evaluating plaintiff's testimony and comparing it with 'prior statements and other evidence,' . . ., the ALJ was selectively choosing from the record those statements he wished to rely on without properly considering all the evidence. . . . [w]e have repeatedly held that an ALJ may not engage in a selective evidentiary review") (citing cases); *Sherman v. Apfel*, No. 97-7085, 1998 WL 163355, at *5-6 (10th Cir. 1998).

In the case at hand, the ALJ stated that he gave "great weight" to some of the opinions of Dr. Jaloweic and "no weight" to other opinions by Dr. Jaloweic.  Tr. at 21.  First, the ALJ gives great weight to Dr. Jaloweic's opinion that the Plaintiff "could frequently sit for 8 hours and walk for two hours . . . [because] it is supported by evidence in the record."  *Id.*  However, the ALJ gives "little weight" to Dr. Jaloweic's opinion that Plaintiff "could not work an eight-hour workday."  *Id.*  The only explanation that the ALJ gives for this determination is that "it is inconsistent with the doctor's own evaluation and medical evidence, which show the claimant is able to sit 8 hours and walk 2 hours in a workday."  *Id.*  I find that this explanation is not specific and does not legitimately explain why the ALJ disregarded Dr. Jaloweic's opinion that the Plaintiff could not work an eight-hour workday.  The opinion that the Plaintiff is able to sit eight hours and walk two hours a day does not automatically mean that Plaintiff is physically able to work an eight-hour workday.  The ALJ simply makes this assumption without

stating sufficient, specific reasons. Accordingly, I find that there is evidence that the ALJ did not properly weigh Dr. Jaloweic's opinions, and that many of the reasons he gave for rejecting her opinions are not supported by substantial evidence. Therefore, I find that the case must be remanded to the Commissioner on this ground. On remand, the ALJ is directed to give proper consideration to Dr. Jaloweic's findings and assessment as a treating physician.

### 3. Whether the ALJ Erred by Failing to Accord Dr. Gamblin Controlling Weight

I also find certain problems with the weight the ALJ gave to the opinion of Dr. Gamblin. Dr. Gamblin is Plaintiff's treating psychiatrist and has treated Plaintiff since November of 2003. Tr. at 297-299. On June 21, 2004, Dr. Gamblin completed an assessment of Plaintiff's mental work-related abilities. Tr. at 291-292. Dr. Gamblin stated that Plaintiff has serious limitations in his ability to interact appropriately with the general public. *Id.* Dr. Gamblin also found that Plaintiff has severe limitations with regard to his ability to travel to unfamiliar places or use public transportation. *Id.* Finally, Dr. Gamblin stated that the Plaintiff lacks the capacity to both make judgments in a work environment (if interaction with co-workers was involved) and to respond appropriately to supervision. *Id.* Dr. Gamblin explained his medical assessment by stating that the Plaintiff experiences "[m]ild paranoid ideation causing discomfort in public situations and travel to new situations which are not known and comfortable." *Id.* This assessment was supported in Dr. Gamblin's evaluation notes as well as in diagnostic (GAF) testing. *Id.* at 296-299.

In his decision, the ALJ stated that he gives Dr. Gamblin's assessment "great weight, except for the noted sections." Tr. at 21.  Specifically, the ALJ noted that Dr. Gamblin's finding that the Plaintiff "would not have the capacity to make judgments that are commensurate with functions of unskilled work or respond appropriately to supervisor, co-workers, and ususal work settings" is "inconsistent with Dr. Gamblin's earlier assessment of the claimant's ability to interact socially and that he had no limitation in the areas of working with coworkers, peers, and supervisors." *Id.* at 20.

As I stated earlier, "[t]he ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).  I find that while the ALJ noted that he did not give controlling weight to portions of Dr. Gamblin's assessment, the ALJ failed to give further specific, legitimate reasons for disregarding those findings which is required under the law.  I further find that the ALJ did not state what weight he assigned to those sections of Dr. Gamblin's assessment that were disregarded.  The ALJ merely listed Dr. Gamblin's opinions that he did not agree with.  In short, it is unclear from the ALJ's decision what assessments were disregarded, why they were disregarded, and what weight they were assigned.  This needs to be clarified on remand.

### III.    CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for further fact finding consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g).

Dated March 30, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge