UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00039-WYD

AHKIL L. WILLIAMS,

     Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____

**ORDER**
_____

     THIS MATTER is before the Court on Plaintiff's Second Motion for 42 U.S.C.

§ 406(b) Fees (filed February 13, 2008).[1]  Plaintiff's counsel requests that the Court

award $7,590.00 as a reasonable § 406 fee.  42 U.S.C. § 406(b) provides in pertinent

part, "Whenever a court renders a judgment favorable to a claimant under this

subchapter who was represented before the court by an attorney, the court may

determine and allow as part of its judgment a reasonable fee for such representation,

not in excess of 25 percent of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment . . . . "

     Turning to my analysis, Plaintiff's initial motion seeking § 406 fees was stricken

for failure to confer with opposing counsel as required pursuant to D.C.COLO.LCivR

---

[1]  The first motion for 42 U.S.C. § 406(b) fees filed February 7, 2008, was stricken with leave to refile in compliance with D.C.COLO.LCivR 7.1A by Minute Order of February 8, 2008.

7.1A., as noted earlier.  In the second motion, Plaintiff's counsel indicated that she conferred with Defendant and that its response would be "forthcoming."  I was unable to determine from the Rule 7.1A certification what the Commissioner's position was with respect to the reasonableness of fees and thus waited for a response to be filed.  The Commissioner's response filed February 28, 2008, is not helpful to the Court.  While it indicates that it will not object to a § 406(b) fee, it asks the Court to award no more than a reasonable fee.  However, it does not state whether the Commissioner believes the fees sought be Plaintiff are reasonable or unreasonable and if unreasonable, the basis for such a belief.  I have previously chastised the Commissioner for exactly such a response.  *See Patriquin v. Barnhart*, No. 02-cv-02062, ORDER GRANTING PL.'S MOT. FOR AWARD OF ATTORNEY FEES, Dec. 14, 2006 (D. Colo).  I am thus left again to speculate as to what the Commissioner intended by its response.

Having reviewed Plaintiff's motion and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion.  I first note that the judgment in this case was favorable as this Court ordered the case remanded to the Commissioner who then issued a fully favorable decision in favor of Plaintiff.  Further, Plaintiff and counsel entered into a contract in which Plaintiff agreed to pay fees for work in this case equal to 25 percent of past due benefits.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness of fees

yielded by those agreements." *Id.* In this case, I find that the fees are reasonable as they reflect the contingent nature of the recovery. Indeed, the motion asserts that the amount sought in fees is less than 25% of the past due benefits that were awarded. I also find that the benefits obtained and the fee requested are not "large in comparison to the amount of time counsel spent on the case." *Id.* at 808. Further, this claim necessitated two administrative hearings, an appeal to the Appeals Council and an appeal to this Court.

Based on the foregoing, I find that the requested fee is reasonable and should be awarded pursuant to 42 U.S.C. § 406(b). Plaintiff's motion for attorney fees under § 406 is thus granted. Accordingly, it is

ORDERED that Plaintiff's Second Motion for 42 U.S.C. § 406(b) Fees filed February 13, 2008, is **GRANTED**. In accordance therewith, it is

ORDERED that attorney fees are awarded in the amount of **$7,590.00**.

 Dated: March 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge